# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

| | | |
|---|---|---|
| STEVEN DURANT, et al., | ) | |
| | ) | **Case No. 3:08-CV-20** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF CHARLOTTE, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

THIS MATTER is before the court upon Defendant City of Charlotte's ("Defendant")

Motion to Dismiss Plaintiffs Steven Durant, Charles Witherspoon, and Rita Vinson's

("Plaintiff") Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil

Procedure.  For the reasons set forth below, the motion is denied.

## Statement of Facts

Durant, Witherspoon, and Vinson are officers in the Charlotte Police Department.

Plaintiffs all filed charges of discrimination with the EEOC in August of 2005 and alleged that

they were subjected to a hostile work environment.  Durant's charge specifically alleged that two

Captains and a Sergeant had subjected him to harassment on a continuing basis.  Durant filed a

second charge alleging that he was harassed by two associates, subjected to general harassment,

and subjected to intimidation regarding a subordinate write-up.  Durant filed a third charge

alleging that he had been subjected to stricter scrutiny during work.  Witherspoon filed a charge

of discrimination and harassment.  Witherspoon's second charge referenced the first and alleged

that he had suffered additional adverse action in retaliation for the first charge.  Vinson filed a

charge alleging that she had been retaliated against for filing a previous charge and for complaining about racially discriminatory practices within the workplace.

The EEOC issued Witherspoon's right to sue letter on September 24, 2007 and Durant and Vinson's letters on October 17, 2007. On January 18, 2008, Plaintiffs filed a complaint alleging that they had been subjected to a racially hostile work environment, had been discriminated against on the basis of their race, as they are all African American, and retaliated against for complaining about discrimination in the workplace. Subsequently, the Defendant filed a motion to dismiss the complaint on March 6, 2008. Plaintiff's then filed an Amended Complaint on March 31, 2008, and sought legal relief under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 200(e) et seq. ("Title VII").

## Standard of Review

The court will deny the Defendant's Motion to Dismiss the Plaintiffs' Amended Complaint as the allegations pleaded by Plaintiffs in their Amended Complaint, construed in the light most favorable to the Plaintiffs, contain all the facts necessary to support their claims of discrimination. *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984). Rule 8(a)(2) requires a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement is considered sufficient if it gives the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Soreman N.A.,* 534 U.S. 506, 512 (2002). The factual allegations in a complaint only need to be "enough to raise a right to relief above the speculative level, … on the assumption that all the allegations in the complaint are true …." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

**Discussion**

The Plaintiffs' claims fall into two categories: (1) that the Plaintiffs were discriminated against on the basis of their race, and; (2) that the Plaintiffs were retaliated against after they complained about this discrimination. "Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit." *Evans v. Techs. Applications & Serv. Co.,* 80 F.3d 954, 963 (4th Cir. 1996). Moreover, "[i]f the factual allegations in the administrative charge are reasonably related to the factual allegations in the formal litigation, the connection between the charge and the claim is sufficient." *Smith v. First Union Nat'l Bank*, 202 F.3d 234, 247-48 (4th Cir. 2000). Therefore, where the allegations in a charge will reasonably lead to investigation into events that are alleged in the complaint, a plaintiff may pursue those claims under Title VII. *Smith v. First Union Nat'l Bank*, 202 F.3d 234, 247 (4th Cir. 2000). Plaintiffs assert that all the allegations in the Amended Complaint are related to their EEOC charges.

Furthermore, Plaintiffs properly pleaded a claim of retaliation, as they showed that: (1) they were engaged in a protected activity; (2) their employer took adverse employment action against them; and (3) a casual link exists between the protected activity and the adverse employment action. *Mativa v. Bald Head Island Management, Inc.*, 259 F.3d 261, 271 (4th Cir. 2001).

Specifically, Plaintiff Durant states: (1) that he complained about discrimination in the workplace and filed EEOC charges alleging race discrimination and retaliation; (2) that Defendant denied him transfers, disciplined him inappropriately and subjected him to an Internal Affairs investigation; and (3) that this adverse action happened within months of the protected

activity (Pl.'s Memo in Opp'n Doc. No. 13, p. 12.). Plaintiff Witherspoon[1] states: (1) that he

complained about discrimination in the workplace and filed EEOC charges alleging race

discrimination; (2) that the Defendant subjected him to stricter scrutiny than his peers, gave him

adverse performance evaluation and transferred him to a patrol unit and gave him unfair job

assignments; and (3) that these adverse actions have been continuing and occurred in response to,

and within months of, his complaints. *Id.* Plaintiff Vinson states: (1) that she complained about

discrimination in the workplace and filed EEOC charges alleging race discrimination and

retaliation; (2) that the Defendant subjected her to stricter scrutiny than her peers, transferred her

and gave her negative evaluations and denied her training opportunities; and (3) that these

adverse actions were continuing and occurred in response to her complaints. *Id.* at 13. Plaintiffs'

facts reasonably arise from the allegations of a hostile work environment and continuing

retaliation. Additionally, Plaintiffs' allegations are within the scope of the administrative charges

and are all events that would have been discovered during an investigation by the EEOC. *See*

*Smith*, 202 F.3d at 247. Accordingly,

      IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss is DENIED.

---

[1] Defendant argues that Witherspoon's complaint must be dismissed as time barred. (Memo Def.'s Mot. Dismiss Amended Complaint Doc. 12-2, p. 7.) However, Witherspoon's allegations are not time barred as the right to sue letter for the second charge was issued before the first, and the time for filing a lawsuit arising from that charge expired before Plaintiffs initiated the action. (Pl.'s Memo in Opp'n Doc. No. 13, p. 5.) Furthermore, Plaintiff states that Witherspoon's first charge of discrimination ensured that he could also pursue a retaliation claim under Title VII. *Id.* In other words, Witherspoon could have filed the present complaint even if the second charge of retaliation was not filed. *See, eg. Nealon v. Stone,* 958 F.2d 584, 590 (4th Cir. 1992).

Signed: July 24, 2009

Graham C. Mullen
United States District Judge